IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHANE STEPHEN HOLBROOK,

    **Plaintiff,**

v.                                      Case No. 3:16-cv-03280

HD MEDIA COMPANY LLC;
EDWARD H. DAWSON, JR.;
BISHOP NASH;
COURTNEY HESSLER,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Complaint, seeking money damages and other relief for an alleged defamation. (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up

1

questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. Plaintiff was slandered and defamed by HD Media Company LLC when it published a story about Plaintiff being accused of a crime and included unrelated information in the story.

2. Defendants Bishop Nash and Courtney Hessler similarly published the unrelated information when reporting on the charges against Plaintiff.

3. Nash and Hessler's editor and publisher then published their stories; thereby, making Plaintiff "a victim of negative media propaganda."

(ECF No. 2 at 5). Plaintiff seeks compensatory damages in the amount of $900,000 and various other relief.

Before Plaintiff's action can be heard in federal court, he must establish that this court has subject matter jurisdiction over the issue in dispute. "The two most commonly recognized and utilized bases for federal court jurisdiction are (1) 'federal question,' 28 U.S.C. § 1331, and (2) 'diversity of citizenship.' 28 U.S.C. § 1332." *Tapp v. Jeffcoat,* C/A No. 6:07-cv-01407-GRA, 2007 WL 2572251, at *2 (D.S.C. Aug. 31, 2007). Plaintiff's complaint, as it currently reads, lacks any factual allegations that would support a finding of federal court jurisdiction. Plaintiff asserts a claim of defamation against private reporters, an editor/publisher, and a media company. Clearly, then, Plaintiff alleges a cause of action governed by state law, not federal law. Simply put, the purported wrongdoing in this case does not amount to a constitutional violation, and the claim does not otherwise involve laws or treaties of the United States. Accordingly,

federal question jurisdiction does not exist.

In order to establish diversity jurisdiction, Plaintiff must show that the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a). Moreover, diversity must be complete in order for jurisdiction to be conferred. In other words, "no party on one side may be a citizen of the same state as any party on the other side." *Tapp,* 2007 WL 2572251, at *2 (citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365. 372-74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). As previously indicated, Plaintiff has not provided any information regarding the citizenship of the parties named in this lawsuit.

Consequently, in order for the undersigned to complete a jurisdictional review of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the deficiency in the pleading by providing the Court with the information necessary to establish subject matter jurisdiction. If Plaintiff believes that there is diversity of citizenship, he shall supply the addresses of each party named in the complaint to demonstrate that no defendant is a citizen of the same state as Plaintiff.

If Plaintiff decides that he cannot establish subject matter jurisdiction, then he may make a motion to voluntarily dismiss the complaint in this Court, without prejudice, so that he can pursue the matter in state court. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for lack of jurisdiction. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint, or pending

other further proceedings in this case.

    The Clerk is instructed to provide a copy of this order to Plaintiff.

                          **ENTERED:** April 7, 2016

                          Cheryl A. Eifert
                          United States Magistrate Judge